[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial, the court finds as follows:
On or about July 17, 1989, at approximately 7:23 a.m., the plaintiff, Damalys Monell, was the operator of a 1981 Pontiac Gran Prix proceeding in an eastbound direction on Beechwood Avenue at its intersection with Iranistan Avenue in the City of Bridgeport, Connecticut. At said time and place, the motor vehicle operated by the plaintiff was struck broadside by a 1987 Toyota Pickup truck owned and operated by Antonio A. Augusto in a northbound direction on said Iranistan Avenue.
As a result of said collision, the plaintiff suffered injuries, some of which are permanent in nature, and damages. The collision was caused by the negligence of the said Antonio A. Augusto. This is not disputed by the defendant, Safeco Insurance Company of America.
The injuries and damages sustained by the plaintiff are greater than the twenty thousand ($20,000) dollar coverage carried by Antonio A. Augusto. As a result, the tortfeasor, Antonio A. Augusto was underinsured at the time of the accident. The plaintiff was covered as an automobile operator by a contract of CT Page 9815 insurance with the defendant under the provisions of an insurance policy numbered K1005744 issued in the name of Raimundo DeMoura that included coverage for uninsured and underinsured motorists benefits.
The plaintiff is entitled to recover damages from the defendant's underinsured motorists insurance coverage as the collision and resulting injuries were caused by the negligent use of the underinsured's vehicle, and the plaintiff has exhausted the liability party's policy limit.
After the collision, the plaintiff became dizzy and injured her back, shoulders and her chest. She was taken to Park City Hospital by ambulance. While there, she began to feel pain in her head. Because she was in pain, she was given Naprosin. She had pain above her left ear, her shoulder and back, her chest was black and blue. She left the emergency room and spent the next three days in bed. When she continued to have pain, she was advised to see a doctor, and she made an appointment to see Dr. Sheiman in Bridgeport who gave her some heat therapy. She had this treatment for about a month. Because she was still in pain and her left side was swollen, she was advised to go see Dr. Katz, an orthopedist. Dr. Katz ordered an MRI examination of her that was never completed because she could not tolerate the procedure. She was then sent to Park City Hospital for a CAT scan.
She received physical therapy to her shoulder and upper back. She had swelling in her left shoulder and was not able to go fishing, play ball or run around. Her daughter would vacuum the rugs and mop the floors until recently. Another problem she has is that she cannot dance anymore, and as a person of Puerto Rican heritage, this is quite a disaster not to be able to do the Merengue and the Marcarena.
When the plaintiff was advised she should consider surgery to fix her problem, she sought a second opinion from Dr. Dworkin. After this exam, she returned to Dr. Katz. She also was examined by Dr. Alkaitas for possible nerve damage. She complained that this was a very painful procedure. The results showed no nerve impairment. However, she does have permanent injuries that caused her pounding pain, prevents her from sitting a long time, periodic headaches and cramps in her legs.
As a result of said collision, the plaintiff sustained a herniation of the cervical spine at C5-6 which causes her pain and CT Page 9816 discomfort, and in the future she shall suffer pain and discomfort to her neck, shoulder and back. She has a ten (10%) permanent partial loss of use of her cervical spine which was caused solely by the collision.
At the time of the collision, the plaintiff was working for Howie Manufacturing doing piece work. Her take home pay averaged between a low of $150.00 and a high of $190.00. She missed nine weeks of work for a total of $1,530 in lost wages.
When she reported back to work at Howie, she was unable to properly operate her machine without having pain in her shoulder. A review of the evidence shows she was told to return to work by Dr. Sheiman. No other evidence supports her being absent from the job for longer than noted above.
The court finds that the plaintiff lost $1,530 in pay and is entitled to the sum of $1,530 as part of her economic damages.
Also as a result of the collision, the plaintiff was required to expend the sum of $3,615.76 for medical treatment, physical therapy and diagnostic tests. The court finds that she is entitled to the $3,615.76 as part of her economic damages.
In addition, the court finds the plaintiff has a ten (10%) percent permanent loss of use of her cervical spine as a result of a herniation of the disc C5-6. She is 47 years old. Her life expectancy is 34 years. It is this length of time she is expected to suffer. It is also noted that an operation was recommended which she refused to have. There is no evidence that such an operation would correct or reduce the ten (10%) percent disability.
For the pain and discomfort already experienced and the pain and discomfort in the future, the court believes that the nominal sum of $5.00 per day for her life expectancy is a fair, just and reasonable amount. Accordingly, the court finds that the plaintiff should recover the sum of $62,500 as non-economic damages.
The economic damages awarded by the court is $ 5,145.76
Non-economic damages awarded by the court is 62,500.00 ---------- $67,645.76 CT Page 9817
Less credit of $20,000 20,000.00 ---------- $47,645.76
As to the issue raised by the defense that they should receive the full $5,000 from the plaintiff without deduction of attorney fees, the court finds the defendant's position without merit.
Judgment shall enter in favor of the plaintiff to recover the sum of $47,645.76.
WILLIAM J. McGRATH, JUDGE